## Education of Handicapped Children

ELMER T. BOLLA, Deputy Attorney General, and THOMAS D. McBRIDE, Attorney General, October 11, 1957.—You have requested our opinion concerning whether a second class school district has the power to construct, maintain, operate, provide, supervise and administer classes and schools for handicapped children.

Section 925 of the Public School Code of March 10, 1949, P. L. 30, as amended, 24 PS·§9-925, provides:

"The county board of school directors—shall have power and its duty shall be . . .

"(16) To estimate and file with the Department of Public Instruction, on or before the first day of July of each year, the cost of classes and schools for handicapped [sic], whenever such classes and schools are authorized, and the cost of transportation of pupils to

and from classes and schools for handicapped children, *whether or not conducted by the county board.*

"(15) (b) The county board of school directors in respect to second, third and fourth class school districts within the county *shall have power and its duty shall be*—

"(1) To prepare plans for the proper education and training of handicapped children as hereinafter provided;

"(2) To provide, maintain, administer, supervise and operate schools and classes for handicapped children *in accordance with a plan approved by the State Council of Education as hereinafter provided;*

"(3) To estimate and file 'with the Department of Public Instruction the cost of classes and schools for handicapped on or before the first day of July of each year;

"(4) To employ temporary professional and professional employes, supervisors and teachers, and to employ all other persons necessary to carry on education and training for handicapped children and to determine the salaries to be paid. All employes so employed shall have the same rights of membership in the Public School Employes' Retirement Association as employes of school districts." (Italics supplied.)

The question, therefore, is whether the language in section 925, supra, vests exclusive power in the county board of school directors to conduct such educational facilities.

The words "whether or not conducted by the county board" as provided in section 925, supra, negative exclusive jurisdiction in the county board of school directors and evidence legislative intent that a local school district can, in its own right, conduct educational schools and classes for handicapped children as well as can the county board of school directors under certain circumstances.

It is necessary to consider other pertinent provisions of the Public School Code, supra, to determine the authority, right, power and duty of second class school districts to conduct schools and classes for handicapped children. The pertinent sections of the Public School Code of 1949, supra, are as follows:

Section 502, 24 PS §5-502, provides:

"In addition to the elementary public schools, the board of school directors in any school district may establish, equip, furnish, and maintain the following additional schools or departments for the education and recreation of persons residing in said district, and for the proper operation of its schools, namely: . . .

"Schools for physically and mentally handicapped, . . ."

Section 508, 24 PS §5-508, provides:

"The affirmative vote of a majority of all members of the board of school directors in every school district, duly recorded, showing how each member voted, shall be required in order to take action on the following subjects: . . .

"Establishing additional schools or departments . . ."

Section 1371, 24 PS §13-1371, provides:

"It shall be the duty of the secretary of the school board, in every school district of the second, third and fourth class, in accordance with rules of procedure prescribed by the Superintendent of Public Instruction, to secure information and report to the county board of school directors, on or before the fifteenth day of October of each year, and thereafter as cases arise, every child of compulsory school age within said district who, because of apparent exceptional physical or mental condition, is not being properly educated and trained. As soon thereafter as possible the child shall be examined by a person certified by the Department of Public Instruction as a public school psychologist, and also by any other expert which the type of handicap and the

child's condition may necessitate. A report shall be made to the county board of school directors of all such children examined and of all children residing in the district who are enrolled in special classes. . . ."

Section 1372, 24 PS §13-1372, provides:

"(1) Standards for Proper Education and Training of Handicapped Children. The State Council of Education shall adopt and prescribe standards and regulations for the proper education and training of all handicapped children *by school districts or counties singly or jointly.* . .

"(2) Plans for Education and Training Handicapped Children. The county board of school directors cooperatively with other county boards and with boards of directors of districts of the second, third and fourth class shall prepare and submit to the Department of Public Instruction, on or before the first day of July, one thousand nine hundred fifty-six, for its approval or disapproval, plans for the proper education and training of all handicapped children in districts of the second, third and fourth class in accordance with the standards and regulations adopted by the State Council of Education. Plans as provided for in this section shall be subject to revision from time to time as conditions warrant, subject to the approval of the Department of Public Instruction.

"(3) Special Classes or Schools Established and Maintained by School Districts. The county or district superintendent of schools shall submit, to the board or boards of school directors, plans for establishing and maintaining by the district or districts under his supervision special classes in the public schools or special public schools in the manner provided in the approved plan. *Except as herein otherwise provided, it shall be the duty of the board of school directors of any district to provide and maintain, or to jointly provide and maintain with neighboring districts, special classes or*

*schools in accordance with the approved plan.* The State Superintendent of Public Instruction shall superintend the organization of such special classes and such other arrangements for special education and shall enforce the provisions of this act relating thereto. If the approved plan indicates that it is not feasible to form a special class in any district or to provide such education for any such child in the public schools of the district, the board of school directors of the district shall secure such proper education and training outside the public schools of the district or in special institutions, or by providing for teaching the child in his home, in accordance with rules and regulations prescribed by the Department of Public Instruction, on terms and conditions not inconsistent with the terms of this act or of any other act then in force applicable to such children.

"(4) County Classes for Handicapped Children. The county board of school directors shall have power, and it shall be their duty, to provide, maintain, administer, supervise and operate such *additional classes* or schools as are necessary or to otherwise provide for the proper education and training in the manner set forth in the approved plan for all handicapped children *who are not enrolled in classes or schools maintained and operated by school districts of the second, third and fourth class or who are not otherwise provided for in accordance with the approved plan.*" (Italics supplied.)

Section 1373, 24 PS §13-1373, provides:

"School districts maintaining special classes in the public schools or special public schools or providing special education, as specified in this subdivision of this article, shall receive reimbursement, as provided by this act. . . ."

Section 1373.1, 24 PS §13-1373.1, provides:

"The Commonwealth shall reimburse school districts out of the moneys appropriated to the Department of

Public Instruction for special education for the cost of readers, helpers, guides, aids, appliances, special school books and supplies and devices for any child between the ages of six and twenty-one years of age who is blind, deaf, or afflicted with cerebral palsy, and who is enrolled, with the approval of the Department of Public Instruction, in any of the public schools of the Commonwealth, an amount equal to the costs of these services and equipment multiplied by the district's reimbursement fraction.

"No such expenditures nor purchases may be made by any school district unless in accordance with a budget submitted by the district and approved by the Department of Public Instruction. . . ."

Section 1374, 24 PS §13-1374, provides:

"Any physically or mentally handicapped child, who is regularly enrolled in a special class that is approved by the Department of Public Instruction, or who is enrolled in a regular class in which approved educational provisions are made for him, may be furnished with free transportation by the school district. When it is not feasible to provide such transportation the board of school directors may in lieu thereof pay for suitable board and lodging for any such child. If free transportation or board and lodging is not furnished for any physically or mentally handicapped child who, by reason thereof, is unable to attend the class or center for which he is qualified, the county board of school directors shall provide the transportation necessary."

Section 2509, 24 PS §25-2509, provides for payments by the Commonwealth to every school district for courses conducted for mentally and physically handicapped children.[1]

---

[1] This section is not quoted because the reimbursement data and percentages are not material to the present issue.

Section 2509.1, 24 PS §25-2509.1, provides for payment by the Commonwealth to the county board of school directors for classes or schools conducted for handicapped children.[2]

It is crystal clear from the above language that the legislative purpose was to have plans submitted and approved whereby handicapped children would be properly educated and trained, either by individual school districts, by school districts acting jointly, by the county board or by county boards acting jointly. Thus, in a particular county, the plan might provide that one or more of the larger school districts would provide and operate its or their own schools for such children, that other school districts would jointly operate such schools and that the county board would conduct such schools for other students, who are not enrolled in the schools maintained by the school districts. The act does not merely empower a school district, but makes it its duty, to provide schools for handicapped children, if such is in accordance with the approved plan. The act gives the county board the power to provide such schools *only* for handicapped children who are not enrolled in the schools maintained by school districts of the second, third and fourth class.

We are of the opinion, and you are accordingly advised, that: (1) The board of school directors of a school district of the second class shall follow the approved plan for the education and training of handicapped children and have the power and duty to provide and maintain classes and schools for handicapped children; and when it does so, the county board of school directors does not have the power to provide and maintain the same type of school or class in that district; (2) where classes for handicapped children are conducted, according to the approved plan in school dis-

---

[2] Ibid.

tricts of the second class, then the county board of school directors can provide and maintain other additional classes where necessary; (3) where the school district of the second class does not maintain classes and schools for handicapped children, then the county board of school directors, with respect to school districts whose directors are eligible to vote at the election of members of the county board, shall have the power and its duty shall be to maintain such schools and classes in that district, and (4) the foregoing opinion and the same principles, as set forth in (1), (2) and (3), supra, are applicable to school districts of the third and fourth class.